UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAUDE JEFFRIES, on behalf of himself and
all others similarly situated,

                    Plaintiff,

- against -

PENSION TRUST FUND OF THE PENSION,
HOSPITALIZATION AND BENEFIT OF THE
ELECTRICAL INDUSTRY,
                    Defendant.

**OPINION AND ORDER**

**99 Civ. 4174 (LMM) (RLE)**

---

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

This is an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 *et seq.*, brought by Plaintiff Claude Jeffries against the Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry ("the Fund"). Jeffries retired in February 2005 and applied for pension benefits starting in March 1, 1998. On May 18, 1998, Jeffries requested that pension credits for 1969 to 1975 be included in his current pension. The Fund responded that any credits earned by Jeffries from 1971 to 1975 were forfeited because those benefits had not vested before he took a break in service prior to 1976. Jeffries alleges that the Fund should have declared a partial termination under 26 U.S.C. § 411(d)(3) because a large number of the Fund's members were unemployed during the period 1975-1979. Had the Fund declared a partial termination, Jeffries's pension credits earned through 1975 would have vested and his current pension benefits would include these credits.

Jeffries moved for an order, pursuant to Rules 26 (e)(1) and 26(e)(2), and 37(c)(1) of the Federal Rules of Civil Procedure, precluding the Fund from using as evidence the information

contained in the Supplemental Affidavit of Mark Chanzis ("Chanzis Affidavit"). Jeffries motion is hereby **DENIED**.

## II. PROCEDURAL HISTORY

On January 25, 2005, the Fund submitted a motion for summary judgment. This case was referred to the undersigned by the Honorable Lawrence M. McKenna for general pretrial matters on April 13, 2005. On April 18, 2005, Jeffries moved pursuant to Rules 26 (e)(1) and 26(e)(2), and 37(c)(1) for an order precluding use of the information contained in the Chanzis Affidavit, which was submitted with the Fund's Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment, filed March 25, 2005. The parties appeared before the Court for a conference on May 12, 2005, and on June 13, 2005, the Court ordered that the parties conduct limited discovery, including depositions, on the Chanzis Affidavit and information contained therein.

## III. ANALYSIS

According to the record, the Chanzis Affidavit contains "a computer run of individuals who commenced covered employment between 1975 and 1979 and who were still on the industry payroll after December 31, 1979." Jeffries's Memorandum of Law in Support of Rule 37 Motion ("Jeffries's Mem.") at 1. The information in the affidavit purports to support the proposition that the loss of participants in the Fund during that the period 1975-1979 did not reach the mandatory percentage to prompt a partial termination under 26 U.S.C. § 411(d)(3). Jeffries's Reply Memorandum in Support of Rule 37 Motion ("Jeffries's Reply Mem.") at 1.

Although this information relates to a central issue in this case, Jeffries alleges, first, that the information is responsive to discovery Request No. 3 of Plaintiff's First Request to

Defendant to Produce Documents ("the Request"), and second, that the Fund failed to produce the information contained in the affidavit prior to the close of discovery on December 16, 2004. Jeffries's Mem. at 2.

**A. The Fund Complied with Jeffries's Specific Discovery Requests**

Jeffries's Request called for "[a]ll documents concerning unemployment rates, layoffs and furlough programs in Local Union 3 for the period 1975 to 1979 inclusive." Jeffries's Mem. at 2; *see also* July 27, 2005 Affidavit of Robert Abrams ("Abrams Aff."), Exh. 4. Jeffries argues the data in the Chanzis Affidavit falls within the scope of this Request "since the unemployment rate is the ratio of unemployed to total employment, it is not possible to compute the unemployment rate without full data on the number of employed at any time." Jeffries's Mem. at 7-8. This argument is without merit.

The Fund objected to Jeffries original Request as vague and overly broad. The parties conferred on their disagreement, and Jeffries reframed his Request to include specific lists, including:

- Lists of participants for whom contributions to the pension plan were first received between 1965 and 1975;

- A list of individuals who became participants before 1965 and last worked between 1975 and 1979;

- A list of individuals who first became participants after 1965 and last worked between 1975 and 1979; and

- A list of individuals who first became participants prior to 1965 and had last payroll date of 1980 or later, including those who were currently employed as of October 19, 2004.

The Fund's Memorandum of Law in Opposition to Jeffries's Rule 37 Motion at 3. The record

3

shows that the Fund complied with these specific requests, Abrams Aff. Exh. 5-11, and that Jeffries did not request a list of individuals who first became, and remained, participants during the 1975-1979 period, or how many individuals commenced employment during and maintained continuous employment through the period in question.

## B. The Challenged Document was Not Generated Before the Close of Discovery

Jeffries also argues that the lists in the Chanzis Affidavit were generated before the close of discovery, and should have been produced to him. This argument is similarly without merit. Chanzis's deposition testimony does not support this assertion. Transcript of Mark Chanzis Deposition ("Chanzis Dep."), attached to Abrams Aff., as Exh. 2, at 16-17. During the deposition, counsel asked Chanzis if he had "been asked to produce data before." Chanzis Dep. at 16-17. Jeffries did not ask Chanzis if the data in question had been generated before, specifically, before the close of discovery. Jeffries cites no other support for his contention. Indeed, it would be counterintuitive for the Fund to have such data and fail to bring its motion for summary judgment.

## IV. CONCLUSION

The Court finds that there is no basis for sanctions, and no reason to preclude relevant information in this case. The evidence should, therefore, be considered. Jeffries's motion pursuant to Rules 26 (e)(1) and 26(e)(2), and 37(c)(1) is **DENIED**.

**SO ORDERED this 14th day of September 2005**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4